IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**CHARLIE D. NELSON,**

        **Plaintiff,**

v.                                            Case 2:23-cv-02771-SHL-cgc

**MEMPHIS-SHELBY COUNTY SCHOOLS,**

        **Defendant.**

**REPORT AND RECOMMENDATION ON
DEFEDANT'S MOTION TO DISMISS**

Before the Court is Defendant Memphis-Shelby County Schools ("MSCS") Motion to Dismiss (Docket Entry ("D.E.") #12) pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. Pursuant to Administrative Order 2013-05, the instant motion has been referred to the United States Magistrate Judge. For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion be GRANTED.

**I.    Introduction**

On December 12, 2023, Plaintiff Charlie D. Nelson filed a *pro se* Complaint (D.E. #1) alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"). Specifically, Plaintiff asserts that MSCS failed to hire him and retaliated against him in violation of Title VII (D.E. #1 at ¶ 6); however, Plaintiff did not specify any basis for the alleged unlawful discrimination (*Id*. ¶ 9).

On the date the Complaint was filed, a summons was issued to "MSCS, 160 S. Hollywood, Memphis, TN, 38112." (D.E. #5). On December 27, 2023, a summons was returned with the

proof of service being a U.S. Postal Service Certified Mail Receipt to "MSCS Schools, 160 S. Hollywood, Memphis, TN, 38112." (D.E. #9). It appears that someone electronically signed for the mailing and provided an address, but both are illegible. (D.E. #9 at PageID 19).

On January 18, 2024, MSCS filed the instant Motion to Dismiss. MSCS argues that Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff did not respond to MSCS's Motion to Dismiss within the time period permitted by Local Rule 12.1. Thus, the Court entered an Order to Show Cause requiring Plaintiff to respond within fourteen days. (D.E. #13).

On March 15, 2024, Plaintiff filed his "Response to Show Cause Order" (D.E. #15), which solely contains a number of exhibits. On March 18, 2024, Plaintiff filed a document entitled "Show Cause" (D.E. #16), which likewise contains only exhibits.

On March 27, 2024, MSCS filed its Reply in Support of its Motion to Dismiss. (D.E. #18). MSCS argues that Plaintiff did not respond to its argument that service of process is insufficient and had not properly effectuated service of process at any time since the insufficiency was raised. MSCS further argues that Plaintiff did not respond to its argument that Plaintiff has failed to state any Title VII claims upon which relief may be granted.

## II.   Proposed Analysis and Conclusions of Law

### a. Rule 12(b)(5)

Rule 12(b)(5) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for insufficient service of process. Rule 4(j) of the Federal Rules of Civil Procedure provides that a "state, municipal corporation, or any other state-created governmental organization

that is subject to a suit must be served by" either "delivering a copy of the summons and complaint to its chief executive officer" or "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  Rule 4.04(9) of the Tennessee Rules of Civil Procedure permits service "[u]pon any other governmental or quasi-governmental entity, by delivering a copy of the summons and of the complaint to any officer or managing agent thereof."  Rule 4.04(10) of the Tennessee Rules of Civil Procedure does permit service pursuant to Rule 4.04(9) by "registered return receipt or certified return receipt," but it further requires that "the return receipt mail shall be addressed to an individual specified in the applicable paragraph," which here would be any officer or managing agent.  When a defendant files a motion to dismiss pursuant to Rule 12(b)(5), the plaintiff bears "the burden of executing due diligence in perfecting service of process and showing that proper service was made."  *Glen F. Mullins v. K.N. Kalns*, No. 99-4301, 2000 WL 1679511, at *3 (Nov. 3, 2000) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).

Upon review, Plaintiff has not met his burden of demonstrating that he has served MSCS's chief executive officer or any officer or managing agent.  Thus, Plaintiff has failed to show that he has served MSCS pursuant to Rule 4(j) of the Federal Rules of Civil Procedure.  Accordingly, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

    b. *Rule 12(b)(6)*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true.  *League of*

*United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells*

*v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)  A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted).  District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004).  District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

The crux of a Title VII claim is that the alleged discrimination had an unlawful basis—namely, race, color, gender/sex, religion, national origin.  *See* 42 U.S.C. 2000e-2.  Plaintiff's Complaint does not allege any unlawful basis for discrimination or mention his race, color, gender/sex, religion, or national origin.  This alone is insufficient to survive a motion to dismiss.

Additionally, while Plaintiff is not required to plead a prima facie case of Title VII discrimination to survive a motion to dismiss, *see, Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), he must nonetheless set forth a short and plain statement of the claim for relief.  In addition to being a member of a protected class, which Plaintiff has failed to allege, the essence of a failure-to-hire claim is that an applicant applied for and was qualified for a position and was rejected, *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1166 (6th Cir. 1996) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).  Here, while Plaintiff checks the box for "failure to hire," he does not allege any facts regarding his attempts to be hired, including to which position or positions he applied, what the minimum qualifications were, whether he possessed them, that he was rejected, or that the employer sought someone that was not in his protected class. He also does not allege whether someone that was not part of his protected class was hired or

whether the position(s) remained open for applicants. For these reasons, Plaintiff has not set forth a plausible claim for relief by pleading only that MSCS failed to hire him.

Likewise, the essence of a retaliation claim is that he took part in protected conduct of which the employer was aware and that the employer took an adverse action against him that was causally connected to the protected conduct. *See, e.g., Laughlin v. City of Cleveland*, 633 Fed. Appx. 312, 315 (6th Cir. 2015). Plaintiff's Complaint contains the most threadbare of details, stating only that he reported some type of discrimination prior to 2014 and that he was not hired in May 2023. (Compl. at PageID 3-4). There are no further allegations whatsoever, including that anyone who was responsible for hiring decisions in 2023 was even aware of his alleged reports nearly a decade prior. For these reasons, Plaintiff has not set forth a plausible claim for relief by pleading only that MSCS retaliated against him.

Accordingly, as Plaintiff has failed to allege that he is a member of a protected class, and as Plaintiff's failure-to-hire and retaliation claims contain only the barest recitals of elements of Title VII causes of action with no factual support, it is RECOMMENDED that Plaintiff's Title VII claims be DISMISSED for failure to state a claim upon which relief may be GRANTED.

### III. Conclusion

For the reasons set forth herein, it is RECOMMENDED that MSCS's Motion to Dismiss be GRANTED.

Signed this 12th day of August, 2024.

                                                     s/ Charmiane G. Claxton
                                                   CHARMIANE G. CLAXTON
                                                   UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**