IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHARLIE D. NELSON, <br><br> Plaintiff, <br><br> v. <br><br> MEMPHIS-SHELBY COUNTY SCHOOLS, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 2:23-cv-02771-SHL-cgc <br> ) <br> ) <br> ) <br> ) |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANT MEMPHIS-SHELBY COUNTY SCHOOLS' MOTION TO DISMISS**

Before the Court is Magistrate Judge Charmiane G. Claxton's Report and Recommendation (R&R), filed August 12, 2024. (ECF No. 33.) In the R&R, the Magistrate Judge recommends Defendant Memphis-Shelby County Schools' (MSCS) motion to dismiss (ECF No. 12) be granted (ECF No. 33).

MSCS's Motion seeks to dismiss Nelson's Complaint for (1) insufficient service of process under Federal Rule of Civil Procedure 12(b)(5); and (2) failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 12-1.) Nelson did not respond to the Motion to Dismiss within the allotted time period, and the Magistrate Judge entered an Order to Show Cause requiring Nelson to respond within fourteen days. (ECF No. 33.) Nelson's "Response to Show Cause Order" only included exhibits. (ECF No. 15.) He filed another "Show Cause" document three days later, again, only including exhibits. (ECF No. 16.) MSCS then filed its Reply in Support of its Motion to Dismiss. (ECF No. 18.)

The Magistrate Judge, as explained in the R&R, recommends granting the motion to dismiss because of (1) insufficient service of process and (2) lack of a claim upon which relief

can be granted.  (ECF No. 33).  Nelson filed an objection to the R&R on September 3, 2024. (ECF No. 34).

As outlined below, the Court **ADOPTS** the Magistrate Judge's R&R.  The motion to dismiss filed by Defendant Memphis-Shelby County Schools is **GRANTED** and Nelson's case is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

On December 12, 2023, Nelson filed a pro se Complaint against MSCS, arguing that it violated Title VII of the Civil Rights Act of 1964 when it failed to hire him and retaliated against him.  (ECF No. 1.)  Nelson alleges, without specifics, that MSCS discriminated against him based on his "background and record," then made some sort of "change" to his professional file. (Id. at PageID 3.)  He also alleges that he was "retaliate[ed] against for reporting discrimination, not hired, and denied reemployment" after applying for several undisclosed jobs.  (Id. at PageID 4.)  Nelson argues that MSCS therefore violated his constitutional rights and federal laws.  (Id.)

When the Complaint was filed, a summons was issued to "MSCS, 160 S. Hollywood, Memphis, TN, 38112."  (ECF No. 5.)  The summons was returned, with proof of service being a U.S. Postal Service Certified Mail Receipt, from "MSCS Schools, 160 S. Hollywood, Memphis, TN, 38112."  (ECF No. 9.)  Although the return demonstrates that a document was mailed, both signatures provided to validate "Delivery Signature and Address" on the delivery tracker are illegible.  (Id. at PageID 19.)

MSCS seeks dismissal of Nelson's Complaint, arguing that service was not proper and Nelson fails to state a claim.  (ECF No. 12.)  The R&R agreed, concluding that Nelson (1) has not met his burden of showing that he served MSCS's chief executive officer, or any MSCS

2

officer or managing agent and (2) does not allege that he is a member of a protected class, or include factual allegations that support his Title VII claims.  (ECF No. 33.)

Nelson objected to some parts of the R&R on September 3, 2024.  (ECF No. 34.)

## ANALYSIS

A judge may designate a magistrate judge to prepare proposed findings of fact and recommendations for ruling on motions to dismiss.  28 U.S.C. § 636(b)(1)(B).  Parties may file "specific" objections to the magistrate judge's proposed findings and recommendations within 14 days after the R&R has been filed.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).

When a party objects to an R&R, their objections must be specific.  Thomas v. Arn, 474 U.S. 140, 151 (1985); Brown v. Bd. of Educ. of Shelby Cnty. Sch., 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014).  Even though pro se plaintiffs' pleadings are more "liberally construed" and evaluated with a less stringent standard than those filed by counsel, the substance of their submissions remains important.  Kondaur Cap. Corp. v. Smith, 802 F. App'x 938, 945 (6th Cir. 2020) (internal citations omitted); Freeman v. Sullivan, 954 F. Supp. 2d 730, 745 (W.D. Tenn. 2013), aff'd (Dec. 27, 2013) (internal citations omitted).  Pro se litigants must also abide by pleading requirements.  Wright v. Penguin Random House, 783 F. App'x 578, 581 (6th Cir. 2019) (internal citations omitted); Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Each recommendation in the R&R is reviewed below, using the appropriate standard based on whether Nelson specifically objected.

I.      Rule 12(b)(5) Dismissal for Insufficient Service of Process

The R&R recommends granting the Motion to Dismiss based on insufficient service of process. Nelson objects, arguing that there was service by email and postal mail. (ECF No. 34.) The Court reviews the Magistrate Judge's recommendation de novo.

Service is a foundational part of the litigation process. Pro se plaintiffs, like other litigants, must effectuate proper service. See Frame v. Superior Fireplace, 74 F. App'x 601, 603 (6th Cir. 2003) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)). A defendant must be served with a summons and a complaint within 90 days after a complaint is filed. Fed. R. Civ. P. 4(c)(1); (4)(m). Under Federal Rule of Civil Procedure 4(j)(2), a state created-governmental organization must receive service by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."

Tennessee law echoes the importance placed on service. Per Tennessee Rule 4.04(9), a government or quasi-government entity must be served by "delivering a copy of the summons and of the complaint to any officer or managing agent thereof." Tennessee Rule 4.04(10) allows service via certified mail, return receipt, as long as it is addressed to the specific recipient— which, here, would be the "officer or managing agent" under Tennessee Rule 4.04(9). In essence, Nelson needed to serve the chief executive officer (the Superintendent), another officer, or another managing agent associated with MSCS.

Under Federal Rule of Civil Procedure 12(b)(5), claims are dismissed for "insufficient service of process." "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." O.J. Distrib., Inc. v. Hornell Brewing Co., 340 F.3d 345, 353 (6th Cir. 2003), abrogated on other grounds by Morgan v. Sundance, Inc., 596

U.S. 411 (2022) (citing Amen v. City of Dearborn, 532 F.2d 554, 557 (6th Cir.1976)). Given these due process implications, "the plaintiff bears the burden of perfecting service and proving that proper service was made." Tepe v. Whirlpool Corp., No. 22-5826, 2023 WL 6130297, at *2 (6th Cir. June 2, 2023), reh'g denied (June 30, 2023) (citing Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996)).

Here, Nelson does not meet his burden of showing proper service. The delivery signature and address in the USPS Tracking Intranet are illegible. (ECF No. 15 at PageID 40.) Nelson has not shown that he addressed service to one of the proper parties under the Rules—the chief executive officer (the Superintendent), another officer, or another managing agent associated with MSCS. He addressed his summons to MSCS, rather than to the specified individual as required, and the summons return includes neither the recipients of the summons nor the complaint. (ECF No. 9). Under the federal and Tennessee standards for service of process, MSCS did not receive proper service.

Therefore, the conclusion that Nelson did not properly serve MSCS is **ADOPTED**. Though the Complaint is subject to dismissal on this basis, the Court will consider the remainder of the R&R.

II.     Rule 12(b)(6) Dismissal for Failure to State a Claim

The R&R also recommends that the Motion to Dismiss Nelson's Title VII claim be granted because Nelson has not stated a plausible claim under the statute. (ECF No. 33 at PageID 161–64.)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Jackson v. Ford Motor Co., 842 F.3d 902, 906 (6th Cir. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

5

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). Courts "construe the complaint in the light most favorable to the plaintiff" and then "determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001) (citing Mayer v. Mylod, 988 F.2d 635, 637–38 (6th Cir.1993)). Pro se complaints, while viewed more generously, still must contain sufficient allegations. See Barnett v. Luttrell, 414 Fed. App'x 784, 786 (6th Cir. 2011) (quoting Ashcroft, 556 U.S. at 678)) (internal quotations and emphasis omitted).

A Title VII complaint requires allegations of unlawful discrimination grounded in race, skin color, gender/sex, religion, and/or national origin. See 42 U.S.C. 2000e-2. However, Nelson alleges no unlawful basis for discrimination. (ECF No. 33 at PageID 163; see ECF No. 1.) Rather, he stated that he was not hired because of his "background and record." (ECF No. 1 at PageID 3.) He checked the "failure to hire" box on the form complaint (id.), which requires a showing that he was a member of a protected class, he was a qualified applicant, and the defendant rejected his application in favor of someone not in the protected class, see Laster v. City of Kalamazoo, 746 F.3d 714, 727 (6th Cir. 2014) (citing Logan v. Denny's, Inc., 259 F.3d 558, 567 (6th Cir.2001); Mitchell v. Toledo Hosp., 964 F.2d 577, 582 (6th Cir.1992)). Several elements are missing, starting with the first step—that he attempted to be hired. (ECF No. 33 at PageID 163–64.) Though he says that he "applied for several jobs and positions" in his complaint (ECF No. 1 at PageID 4), he provides no specific job he applied for, the minimum qualifications for the sought-after position, if he had those qualifications, or if he was rejected (ECF No. 33 at PageID 163–64). He does not allege that he was a member of a protected class,

6

or that MSCS hired someone else who was not a member of a protected class, or even that the job remained open after he was rejected.

As for a retaliation claim, a plaintiff must also show that he took part in protected conduct that caused the employer (or potential employer) to take the adverse action in question. Laughlin v. City of Cleveland, 633 Fed. App'x 312, 315 (6th Cir. 2015) (citing Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 362 (2013)).  Though Nelson alleges reporting a discriminatory incident before 2014 and not being hired in May 2023 (ECF No. 1 at PageID 3–4), he does not include allegations that connect his report from over a decade ago to him not getting the supposedly sought-after jobs in 2023 (ECF No. 33 at PageID 164).  Indeed, Nelson does not allege that anyone involved with hiring at MSCS in 2023 knew of his report.  (Id.)  He does not create the required causal connection.

In his objection to the R&R, Nelson repeats that he experienced retaliation for "reporting discrimination at the workplace" and that he was "denied reemployment."  (ECF No. 34.)  Yet he offers no factual support or further elaboration to support his claims.  (Id.)  Given the lack of a specific objection, the Court reviews the Magistrate Judge's recommendation for clear error.  Finding none, the conclusion that Nelson has not stated a Title VII claim against MSCS is **ADOPTED**.  This part of MSCS's Motion to Dismiss is **GRANTED**, and Nelson's Title VII claim against MSCS is **DISMISSED WITH PREJUDICE**.

## CONCLUSION

For the reasons described above, the Court **ADOPTS** the R&R, **GRANTS** Defendant's motion to dismiss, and **DISMISSES** the complaint **WITH PREJUDICE**.

**IT IS SO ORDERED,** this 24th day of September, 2024.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE
